PETER DOELGER, INC., Plaintiff, *v*. DOONE REALTY Co., INC., and Another, Defendants.

Supreme Court, Special Term, New York County, January 31, 1938.

*Clark, Sickels & Barton*, for the plaintiff.

*John J. Keogh*, for the defendant Doone Realty Co., Inc., and Patrick Rogerson.

*John J. Bennett, Jr., Attorney-General*, for the State of New York.

*Isador M. Katz*, for the receiver.

McGEEHAN, J.  Motion to settle account of receiver is granted. The commissions of the receiver and allowance to his attorney are approved as consented to by the parties.  A claim for value of personal property has been made by the mortgagor.  This personal property, consisting of refrigerators and gas stoves, was not subjected to the sale of the mortgaged premises.  The claim for the value or for the use of the same has been disallowed by the receiver. The receiver has properly disallowed the claim.  The papers present no proof to indicate any agreement, express or implied, where the mortgagor was to be paid for the same or for rental value.  If the receiver during his stewardship has taken possession of property as against the rightful owner and refused to deliver upon demand, the remedy of action for conversion or an action in replevin was open to the mortgagor and upon application for leave to sue the court would have thus passed upon the merits by summary disposition if the mortgagor consented thereto or relegated the mort-

gagor to an action. If the mortgagor still desires the return of its property it may commence an action upon failure to deliver upon demand of the present owner. There is, however, no claim existing against the receiver or the funds in his possession. It appears, also, that the owner of the premises, the plaintiff herein, is willing to deliver the property to an unwilling taker. There is, therefore, no reason to withhold the discharge of the receiver and the cancellation of his bond, as there is no existing claim for which he is liable. Settle order.